**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cassandra MAXWELL, Defendant–
Appellant.**

No. 02–6452.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2003.

Thomas A. Colthurst, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Robert C. Brooks, Memphis, TN, for Defendant–Appellant.

Before: KENNEDY, GUY, and DAUGHTREY, Circuit Judges.

*ORDER*

This is a direct appeal from a criminal judgment and commitment order. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Cassandra Maxwell was indicted on four counts relating to methamphetamine possession and distribution. Maxwell subsequently entered into a counseled guilty plea to one count of the superseding indictment. The district court accepted the plea and found Maxwell guilty of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Maxwell to a ninety-seven month term of imprisonment and a three year period of supervised release. This appeal followed.

The only issue for appellate review is whether the district court committed reversible error in declining to reduce Maxwell's base offense level after concluding that Maxwell had not accepted responsibility for her offense within the meaning of USSG § 3E1.1 in light of an undisputed set of facts. This review of a district court's decision to deny a § 3E1.1 reduction for acceptance of responsibility guidelines will not be disturbed absent clear error. *Buford v. United States,* 532 U.S. 59, 64–66, 121 S.Ct. 1276, 149 L.Ed.2d 197 (2001); *United States v. Jackson–Randolph,* 282 F.3d 369, 389–90 (6th Cir.2002). A review of the case at bar under this standard supports the district court's decision.

Memphis, Tennessee, undercover police officers purchased methamphetamine from Maxwell on three different occasions in August 2000. Maxwell was subsequently found to be in possession of methamphetamine in September 2001. This conduct formed the basis of the four-count superseding indictment of June 11, 2002, against Maxwell for the possession of methamphetamine. Maxwell thereafter entered into a guilty plea with counsel and she appeared before the district court for the formal entry of the plea on August 1, 2002. The district court engaged Maxwell in the Criminal Rule 11 colloquy, accepted the plea, and set the matter over for sentencing pending completion of a pre-sentence report. One of the standard conditions of Maxwell's release pending sentencing was that she not commit any state or federal crime. Before the parties met for sentencing, however, Maxwell was caught with four packages of methamphetamine (2.8 grams total) during a routine traffic stop. Maxwell admitted at that time that her intention was to sell the methamphetamine.

The parties met for sentencing and counsel for Maxwell argued that Maxwell's base offense level should be reduced pursuant to two guideline provisions. First, counsel argued that Maxwell qualified for, and deserved to benefit from, the "safety valve" provisions of USSG § 5C1.2 (codification of 18 U.S.C. § 3553(f)(1)-(5) that permits a sentence below the statutory minimum in certain cases. The district court agreed and effected a two-level downward departure. Counsel also requested a reduction in Maxwell's base offense level pursuant to USSG § 3E1.1 in recognition of her acceptance of responsibility for the offense of conviction. Counsel acknowledged Maxwell's possession of methamphetamine following her plea, but pointed out to the court that Maxwell had also cooperated with law enforcement authorities and attended substance abuse counseling sessions. The district court declined to effect the downward adjustment requested because of Maxwell's admitted possession for sale of methamphetamine following her guilty plea. The court proceeded to sentence Maxwell to the judgment of record without further objection. On appeal, counsel for Maxwell brings one issue for review namely, that the district court erred in declining to effect the requested § 3E1.1 downward adjustment for Maxwell's acceptance of responsibility.

438

The assigned issue lacks merit. The sentencing guidelines contemplate that if a defendant clearly demonstrates an acceptance of responsibility for his offense behavior. his base offense level will be decreased. One who enters a guilty plea. however, is not entitled to this reduction as a matter of right; it is incumbent upon the defendant to prove entitlement to the reduction by the preponderance of evidence. *United States v. Harper*, 246 F.3d 520, 525 (6th Cir.2001). It is especially probative in this context that one who has admitted his guilt nevertheless continues in the same conduct following his guilty plea. "[The defendant] might not receive the reduction if his outward manifestation of acceptance of responsibility is outweighed by other inconsistent conduct." *United States v. Tilford*, 224 F.3d 865, 867 (6th Cir.2000). "[C]riminal conduct that continues following an acceptance of responsibility, especially when the conduct is of the same type as or related to the underlying offense, is a significant consideration that will, in almost every instance. make a downward adjustment inappropriate." *United States v. Childers*, 86 F.3d 562, 564 (6th Cir.1996). *Accord United States v. Bennett*, 170 F.3d 632, 639–40 (6th Cir.1999). Maxwell admittedly possessed methamphetamine for resale after pleading guilty to the same charge. In light of the our clear stand on this subject, and considering the burden was on Maxwell to show she deserved the § 3E1.1 award, it cannot be said that the district court erred in declining to effect the adjustment requested.

Accordingly, the district court's judgment is affirmed.