RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0129p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 15-5246

ANTONIO JEROME HOLLIS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:14-cr-00070-1—Danny C. Reeves, District Judge.

Decided and Filed:  May 25, 2016

Before:  SUHRHEINRICH, DAUGHTREY, and ROGERS, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:**  Elizabeth S. Hughes, GREEN CHESNUT & HUGHES, PLLC, Lexington, Kentucky, for Appellant.  Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

─────────────────

## OPINION

─────────────────

PER CURIAM.  Antonio Jerome Hollis appeals his 168-month sentence, arguing that the district court improperly denied him credit for acceptance of responsibility pursuant to § 3E1.1(a) of the Sentencing Guidelines.  The district court denied him credit solely on the basis of his failure to give early enough notice of his intent to plead guilty.  The district court relied on timing under subsection (a) based on the waste of government resources.  In doing so, the district

1

court effectively conflated the standards for granting credit under subsections (a) and (b) of § 3E1.1. A remand is accordingly required.

Hollis pleaded guilty to conspiracy to obtain firearms through fraudulent means and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 924(a)(1)(A) and 922(g)(1). He was indicted on seven counts, and the matter was severed into two trial tracks. The first track concerned the firearms conspiracy (Track 1), and the second addressed drug-related violations, including being a felon in possession of a firearm (Track 2). The district court's pretrial and discovery order advised that any motion for rearraignment must be filed at least two days before pretrial in order to avoid losing credit for acceptance of responsibility under the United States Sentencing Guidelines. Hollis moved for rearraignment one day after the deadline in Track 1 passed and twenty-two days after the deadline in Track 2 passed. His motion came thirteen days before trial in Track 1 and over a month before trial in Track 2.

At sentencing, Hollis objected to the presentence investigation report's failure to credit him with the two-level reduction permitted under § 3E1.1(a). The district court declined to grant the reduction, reasoning that the delay in moving for rearraignment required the Government, and to a lesser extent the court, to waste time and resources preparing for trial. Hollis timely appeals and argues that the district court improperly applied § 3E1.1(a) by denying the two-level reduction based exclusively upon Hollis's failure to give timely notice of his intent to plead guilty.

The factual aspect of a determination that a defendant has accepted responsibility should be accorded great deference and should not be disturbed unless clearly erroneous. *See United States v. Webb*, 335 F.3d 534, 536–37 (6th Cir. 2003); *United States v. Edwards*, 272 F.3d 812, 815 (6th Cir. 2001); *United States v. Kennedy*, 595 F. App'x 584, 590 (6th Cir. 2015). If, however, "the only issue presented is the propriety of applying the reduction to the uncontested facts, the decision is reviewed de novo." *United States v. Coss*, 677 F.3d 278, 290 (6th Cir. 2012) (quoting *United States v. Reaume*, 338 F.3d 577, 582 (6th Cir. 2003)). We review de novo the legal question whether the district court may deny application of § 3E1.1(a) solely because of the effect of delay on imposing preparation costs.

The Sentencing Guidelines instruct the court to decrease the offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). In determining whether a defendant qualifies for this reduction, "appropriate considerations include, but are not limited to, the following: (A) truthfully admitting the conduct comprising the offense(s) of conviction . . . (H) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." *Id*. at cmt. n.1(A), 1(H). "Timeliness" is explained in Application Note 3:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

*Id*. at cmt. n.3. Therefore, we employ a two-step inquiry: Has Hollis demonstrated significant evidence of acceptance of responsibility, and if so, is that evidence outweighed by conduct inconsistent with such acceptance?

Hollis fully admitted his guilt in connection with the offenses for which he was charged. In denying the reduction, the district court did not find that Hollis failed to truthfully acknowledge his criminal behavior, minimized his actions, shifted blame to other members of the conspiracy, accepted only partial responsibility for his actions, or lacked remorse or contrition. Although Hollis pleaded guilty after the pretrial order's deadline had expired, he did so before the deadline relevant to § 3E1.1(a), *i.e.*, in advance of trial. *See* § 3E1.1 cmt. n.3. Hollis's truthful guilty plea offered prior to trial therefore constitutes significant evidence of acceptance of responsibility.

We next consider whether Hollis's late motion for rearraignment alone outweighs this significant evidence of acceptance of responsibility. The Government did not identify, nor did the district court find, any other factual basis for declining to apply the two-level § 3E1.1(a) reduction besides the fact that Hollis's motion for rearraignment came one day after the filing deadline in Track 1 and twenty-two days after the deadline in Track 2.

District courts may consider the timeliness of a defendant's plea under § 3E1.1(a) only to the extent that timeliness reflects the extent of the defendant's sincerity in accepting

responsibility. *See United States v. Kumar*, 617 F.3d 612, 637 (2d Cir. 2010). Waste of government resources may not be considered under § 3E1.1(a). *Id.* The Sentencing Commission included a mechanism for accounting for the effect that a late-in-time plea may have on wasting the government's resources, and it is found in subsection (b). Nothing in the text or Application Notes of § 3E1.1 indicates that a district court may consider under § 3E1.1(a) the effect of delay on imposing preparation costs on the government and the court.

The fact that § 3E1.1 is split into two subsections indicates that the factors that the district court may consider when applying the two subsections are intended to be separate. By its plain terms, subsection (a) is focused only on whether the defendant "clearly demonstrates acceptance of responsibility," while subsection (b)—once the defendant has met some procedural prerequisites—is focused only on whether the defendant's "timely notifying authorities of his intention to enter a plea of guilty . . . permit[s] the government to avoid preparing for trial and permit[s] the government and the court to allocate their resources efficiently." Conflating the two subsections ignores the Sentencing Commission's division of § 3E1.1 into two distinct subsections with two distinct reduction levels. The Sentencing Commission could have made § 3E1.1 a single section with acceptance of responsibility and waste of government resources as co-equal factors; instead, the Commission separated the policy goals of encouraging defendants to accept responsibility and of avoiding the waste of government resources by creating two subsections and assigning them different reduction levels.

Moreover, interpreting § 3E1.1(a) as including a consideration for the waste of government resources would make parts of § 3E1.1(b) superfluous, thereby contravening the normal rule of statutory interpretation that we "mak[e] every effort not to interpret a provision in manner that renders other provisions in the same statute . . . meaningless or superfluous." *Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 657 (6th Cir. 2011) (quoting *Menuskin v. Williams*, 145 F.3d 755, 768 (6th Cir. 1998)). To qualify for the additional one-level decrease under subsection (b), the defendant must first qualify for the two-level decrease under subsection (a). *See* § 3E1.1(b). If waste of government resources could be a basis for denying the two-level decrease under subsection (a), then there would never be a situation where a defendant would qualify for the decrease under subsection (a) but then be

denied the additional decrease under subsection (b) for the reason that his or her late-in-time guilty plea caused the government to waste resources preparing for trial; instead, such a defendant would have failed to qualify under (a) in the first place and therefore would be flatly barred from consideration under (b). The core requirement of subsection (b)—that the defendant "timely notify[] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources more efficiently"—would be superfluous with respect to subsection (b)'s other requirement that the defendant first qualify for the two-level decrease under (a), because the question of whether the defendant's plea was sufficiently early to avoid wasting government resources would have already been taken into account in the subsection (a) analysis. To give meaning to every part of subsection (b), § 3E1.1 must be read as not permitting waste of government resources to be considered when awarding or denying the two-level decrease under subsection (a).

Additionally, § 3E1.1's Application Notes indicate that timeliness is to be considered under subsection (a) only to the extent that it sheds light on the defendant's sincerity in accepting responsibility. Application Note 1(H) states that an appropriate consideration under subsection (a) is "the timeliness of the defendant's conduct in *manifesting the acceptance of responsibility*" (emphasis added). This suggests that timeliness is to be considered only to the extent that it reflects whether the defendant has manufactured remorse or has otherwise not truly accepted responsibility for his or her offense. For example, timeliness may be an appropriate consideration under subsection (a) when the lateness of the defendant's plea indicates that the defendant is pleading guilty because the government's case has turned out to be strong and not because he or she truly accepts responsibility. Such a situation might occur when the plea comes on the eve of or during trial. *See Kumar*, 617 F.3d at 637.

It is true that an unpublished Sixth Circuit case suggests that waste of government resources may be considered under § 3E1.1(a). Our reasoning in *Kennedy*, however, to the effect that the waste of government resources can be considered under both § 3E1.1(a) and (b) does not hold up. That case relies upon Application Note 6, which discusses both subsections. 595 F. App'x at 591–92. Application Note 6 states, in relevant part:

The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific. In general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case . . . so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

From this, the panel reasoned:

A plausible reading of this note is that a defendant who qualifies under subsection (b) will likely have permitted the government *to avoid preparing for trial entirely*, whereas the government may have had to incur some expenses in preparing for trial with a defendant who qualifies for subsection (a) only. This note thus suggests that waste of government resources can be considered under both § 3E1.1(a) and (b).

*Kennedy*, 595 F. App'x at 592. However, Application Note 6's statement that a plea generally must occur particularly early in the case in order for the defendant to qualify under subsection (b) explains only the application of subsection (b) and does not state in any way that waste of government resources is a proper consideration under subsection (a). The Application Note does not say that preparation wasted by untimeliness may be considered under both (a) and (b), but rather that timeliness may be considered under both, in a context-specific manner. This language makes most sense by looking at timeliness under (a), but only to determine sincerity or truthfulness of the acceptance of responsibility.

In this case, the district court focused exclusively on the preparatory work completed by the Government in anticipation of trial and did not find that the lateness of Hollis's plea indicated that his acceptance of responsibility was not genuine. The district court therefore erred in relying on Hollis's late motion for rearraignment as the basis for not applying the two-level reduction to Hollis's Guidelines calculation. "[T]he paramount factor in determining eligibility for § 3E1.1 credit is whether the defendant truthfully admits the conduct comprising the offense or offenses of conviction." *Kumar*, 617 F.3d at 637.

Hollis's sentence is **VACATED** and the matter is **REMANDED** to the district court for proceedings consistent with this opinion.