**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0406n.06

Case Nos. 17-1829/2073

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Aug 14, 2018

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANGEL PINA (17-1829), and | ) | MICHIGAN |
| JAIME VALENTE PINA, JR. (17-2073), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

BEFORE: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Police arrested brothers Jaime and Angel Pina during a search of a suspected drug dealer's home. Soon thereafter, Jaime spoke to investigators, and authorities used some of Jaime's statements to indict both brothers on federal charges. Angel pled guilty, but Jaime went to trial and was convicted. In this consolidated appeal, Jaime challenges his conviction on ineffective-assistance-of-counsel grounds, and Angel appeals his sentence as procedurally unreasonable. We affirm.

I.

Michigan police arrested Jaime and Angel Pina on drug charges after finding cocaine in their possession. After their arrest, Jaime Pina spoke to investigators three times. First, Jaime spoke to police at the site of his arrest on November 9. He denied being a cocaine user but admitted

that police would find narcotics-related text messages on his cell phone. The following day, Jaime spoke to investigators again—this time claiming that the cocaine was for personal use and that he was not a drug dealer. That same day, state authorities charged Jaime with possession with intent to deliver and he was arraigned on this charge on November 14. After this second interview, Jaime's attorney learned that federal authorities were also investigating Jaime and his brother. So Jaime's attorney advised Jaime to speak to state investigators for a third time. The attorney did not secure an immunity agreement for that testimony. And at this third interview, with his attorney present, Jaime made a number of incriminating statements about distributing drugs and operating as a supplier to a couple of local drug dealers. Relying in part on Jaime's statements from this third interview, federal prosecutors indicted both brothers.[1] Angel pled guilty, but Jaime went to trial.

At Jaime's trial, federal prosecutors relied in part on his statements to state investigators. These statements corroborated physical evidence, text messages, and the testimony of another co-defendant. The prosecutors also wanted Angel to testify, but Angel refused to take the stand. The district court ordered Angel to testify and granted him immunity for his statements. But Angel still refused. As a consequence, the court held him in civil contempt and sentenced him to six months in prison, to be served consecutive to his drug charges. The following day, however, the court had second thoughts. The court deemed the contempt sentence "premature" and vacated it. And the court gave Angel an opportunity to change his mind. Yet Angel never testified.

Notwithstanding Angel's refusal to testify, the jury convicted Jaime of conspiracy to distribute and of possession with the intent to distribute cocaine. But when the time came to sentence Angel after Jaime's trial, the court did not let Angel's intransigence go unnoticed. Since

---

[1] Following this third interview, state authorities added a charge of conspiracy as to Jaime on November 17.

Angel refused to testify, the district court enhanced his drug sentence by two levels for obstruction of justice. The district court also declined to credit Angel with acceptance of responsibility because Angel obstructed justice and minimized his role in the conspiracy.

Both Pina brothers now appeal.

## II.

Jaime argues that his counsel was ineffective because he (1) let Jaime speak to state investigators without first securing testimonial immunity for the third interview, and (2) had a conflict of interest when he recommended that Jaime speak to those investigators. Jaime raised these arguments before the district court both in a motion to suppress and a motion for a new trial. The district court denied both motions.

This court, sitting en banc, recently decided a case that forecloses Jaime's arguments. In *Turner v. United States*, we held that the Sixth Amendment right to counsel does not attach pre-indictment. 885 F.3d 949, 953 (6th Cir. 2018) (en banc) ("Because the Supreme Court has not extended the Sixth Amendment right to counsel to any point before the initiation of adversary judicial criminal proceedings, we may not do so."). Indeed, *Turner* noted that "the Supreme Court has repeatedly rejected attempts by criminal defendants to extend the Sixth Amendment right to counsel to preindictment proceedings." *Id.* Since Jaime gave his third interview before his federal indictment, the Sixth Amendment did not attach to Jaime's statements. *Id.*; s*ee also Rothgery v. Gillespie Cty.*, 554 U.S. 191, 211 (2008) (stating that the Sixth Amendment does not attach until "the government has used the judicial machinery to signal a commitment to prosecute"); *Moran v. Burbine*, 475 U.S. 412, 432 (1986) (holding that the Sixth Amendment does not apply to statements a defendant makes to police *before* he is indicted); *United States v. Gouveia*, 467 U.S. 180, 188 (1984); *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion).

Nevertheless, since the appellant in *Turner* has petitioned for certiorari, Jaime asks that we wait to resolve his case until the Supreme Court acts. *See* Pet. for Writ of Cert., *Turner v. United States*, No. 18-106 (U.S. July 20, 2018). Yet even under the *Turner* dissent's more expansive view of Sixth Amendment protections, no right to counsel had attached to Jaime's federal charges. The *Turner* dissent argued that the right attaches when the government offers a preindictment plea deal. *Turner,* 885 F.3d at 980 (Stranch, J., dissenting) ("I think it clear that a formal plea offer on specific forthcoming charges contains all of the trappings of an adversary judicial proceeding."). But unlike the defendant in *Turner*, Jaime had not received a plea offer when he made the incriminating statements. Indeed, Jaime's attorney allowed Jaime to be interviewed by state authorities *only* because the Department of Homeland Security and the U.S. Attorney's Office were interested in interviewing him—not because a plea agreement was pending.

Jaime argues, however, that because the *state* had already filed drug charges against him when he spoke to state investigators, the Sixth Amendment protects his statements. But the right to counsel is offense-specific. *Texas v. Cobb*, 532 U.S. 162, 167–68 (2001) (holding that a defendant's statements regarding uncharged offenses, without his attorney present, were admissible notwithstanding his right to counsel on other charged offenses). And federal and state charges are distinct for purposes of the Sixth Amendment because the federal and state government are separate sovereigns. *See Turner,* 885 F.3d at 954–55 (joining the majority of circuits, which have held that a person who commits the same crime against two sovereigns commits two distinct offenses for Sixth Amendment purposes). Even if the minority of circuits' view is correct that state and federal offenses could be considered the same—if they share the same essential elements—Jaime has failed to argue that his state and federal offenses share the same elements. *Id.*, 885 F.3d at 975–76; *see also Cobb*, 532 U.S. at 172–73 (citing *Blockburger v. United States*,

284 U.S. 299, 304 (1932)).  So Jaime has forfeited this argument.  See *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

In sum, Jaime had no right to counsel when he gave statements to the state investigators. Perhaps Jaime's attorney should not have allowed him to be interviewed a third time, but the Sixth Amendment offers no remedy when the prospect of criminal charges is merely hypothetical.  As such, we need not decide whether Jaime's attorney provided ineffective assistance.  His conviction must stand regardless.

III.

Angel argues that the district court misapplied two provisions of the Sentencing Guidelines. We review each in turn.

*Obstruction of Justice*.  First, Angel claims that the district court erred in enhancing his sentence for obstruction of justice on account of his refusal to testify at Jaime's trial.  He concedes that refusing to testify qualifies as obstruction of justice but claims that the enhancement should not apply in his case because the district court separately sentenced him for contempt.  U.S. Sentencing Guidelines Manual § 3C1.1 & cmt. n.1 (U.S. Sentencing Comm'n 2016).  Since Angel did not raise this argument below, we review for plain error.  *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

Plain error review places the burden of persuasion on the defendant, and Angel has not met that burden.  All Angel points to is Guidelines' commentary indicating that courts should not enhance a sentence for *contempt* based on obstruction of justice.  *See* U.S.S.G. § 3C1.1 cmt. n.7.

But the court applied the obstruction of justice enhancement to Angel's sentence for his *drug* offenses, not his contempt offense. Therefore, this commentary to § 3C1.1 does not apply.

In addition, Angel has not shown the district court otherwise erred by "double-counting" his refusal to testify—once in his contempt sentence and again with an obstruction-of-justice enhancement. First, although the district court initially imposed a consecutive six-month sentence after finding Angel in contempt, it quickly vacated that sentence. Second, the Guidelines explicitly contemplate how to sentence a defendant for both contempt and an underlying charge. *Id*. § 3C1.1 cmt. n.8. But Angel does not even attempt to show that the district court should have followed this procedure after vacating his contempt sentence.

Most of all, it is not clear that Angel served any part of his contempt sentence. When the district court sentenced Angel to contempt, Angel had pled guilty to his drug charge and was already incarcerated. So the district court stated that the contempt sentence "will be consecutive to any sentence [Angel] receive[d] in the underlying conspiracy to which [he had] already pled guilty." R. 186, Pg. ID 930. This means until Angel finished his drug sentence, he would never be imprisoned on account of his contempt. Angel has therefore failed to establish any prejudice from the court's purported error. Thus, Angel has not shown that he is entitled to plain-error relief.

*Acceptance of Responsibility*. Angel admitted his guilt. As such, he argues that the district court should have given him credit for acceptance of responsibility and reduced his sentencing range. *See* U.S.S.G. § 3E1.1 & cmt. n.1. We review the district court's fact-finding for clear error and the application of § 3E1.1 to those facts de novo. *See United States v. Hollis*, 823 F.3d 1045, 1047 (6th Cir. 2016) (per curiam).

The district court did not err when it concluded that Angel had attempted to minimize his role in the drug conspiracy and denied him credit for acceptance of responsibility. Since district

judges are in a unique position to evaluate one's acceptance of responsibility, we give the district court's findings "great deference." *See* U.S.S.G. § 3E1.1 cmt. n.5. Here the record supports the district court's findings. Angel inconsistently described both the amount of cocaine he sold and how often he sold it. He also refused to identify his source for cocaine. And most importantly, the court enhanced Angel's sentence for obstructing justice because he refused to testify. Only in the "extraordinary case" will a court assess both an upward adjustment for obstruction *and* a downward adjustment for acceptance of responsibility. *See id.* § 3E1.1 cmt. n.4 ("Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."); *see also United States v. Verduzco*, 558 F. App'x 562, 566 (6th Cir. 2014). Angel has pointed to nothing in the record to suggest that this case is an extraordinary one. The district court's denial of the departure was appropriate.

\*     \*     \*

We therefore **AFFIRM** both Jaime Pina's conviction and Angel Pina's sentence.