NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0073n.06

No. 18-3428

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 13, 2019
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| KEVIN R. LUMPKIN, | ) OHIO |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: GRIFFIN, KETHLEDGE, and THAPAR, Circuit Judges.

PER CURIAM. Kevin R. Lumpkin appeals the district court's amended judgment resentencing him to 63 months of imprisonment for a firearm offense. As set forth below, we **AFFIRM**.

A federal grand jury charged Lumpkin, an officer with the North Randall Police Department, with two counts of selling a firearm to a person whom he knew or had reasonable cause to believe had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). Count 1 involved the sale of a Hi-Point .45 caliber rifle to Calvin Kelly, while Count 2 involved the sale of a Ruger .380 caliber pistol to Michelle Devine. Lumpkin proceeded to trial, and the jury convicted him on both counts. At sentencing, the district court calculated a guidelines range of 63 to 78 months of imprisonment based on a total offense level of 26 and a criminal history category of I. The district court sentenced Lumpkin to concurrent terms of 63 months of imprisonment. Lumpkin appealed his convictions, which this court affirmed. *United States v. Lumpkin*, 677 F. App'x 992 (6th Cir. 2017).

Lumpkin then moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court granted Lumpkin's § 2255 motion as to his claim that his counsel was ineffective for failing to investigate whether Devine's civil rights had been restored prior to her purchase of the Ruger pistol. The district court therefore vacated Lumpkin's conviction on Count 2, scheduled a resentencing hearing, and referred the case to the probation office to make any changes to the guidelines calculation. The probation office subsequently advised the district court that the guidelines calculation remained the same. At the resentencing hearing, the district court applauded Lumpkin's rehabilitative efforts, but found his offense conduct "to be extraordinarily serious." The district court again sentenced Lumpkin to 63 months of imprisonment for Count 1, finding that "nothing has changed that should alter that sentence." Lumpkin now appeals his resentencing.[1]

Lumpkin first argues that the district court incorrectly applied a 4-level enhancement for engaging in the trafficking of firearms under U.S.S.G. § 2K2.1(b)(5), resulting in a procedurally unreasonable sentence. "In reviewing the district court's calculation of a defendant's Guidelines sentencing range, including the application of enhancements under § 2K2.1, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Henry*, 819 F.3d 856, 864 (6th Cir. 2016).

U.S.S.G. § 2K2.1(b)(5) provides for a 4-level increase to a defendant's offense level "[i]f the defendant engaged in the trafficking of firearms." According to U.S.S.G. § 2K2.1's commentary, this enhancement applies if the defendant:

---

[1]The government concedes that Lumpkin's issues are preserved for appellate review because the district court failed to ask the appropriate question under *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), at the conclusion of the resentencing hearing.

(i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and

(ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual--

(I) whose possession or receipt of the firearm would be unlawful; or

(II) who intended to use or dispose of the firearm unlawfully.

U.S.S.G. § 2K2.1 (comment. (n.13(A)).

Lumpkin objected to the trafficking enhancement on the basis that, since the district court vacated his conviction involving Devine, he transferred firearms to only one person, Kelly. Considering U.S.S.G. § 2K2.1's structure and commentary, this court has construed the trafficking enhancement as "aimed at defendants who provide multiple firearms to at least one buyer or other transferee." *Henry*, 819 F.3d at 871. Because the evidence at trial established that Lumpkin transferred at least three firearms to Kelly, the district court properly overruled this objection.

Lumpkin further argues on appeal that the district court failed to address whether Kelly was "an individual whose possession or receipt of the firearm would be unlawful," which means "an individual who (i) has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 2K2.1, cmt. n.13(B). The evidence at trial showed that Kelly was on probation during the relevant time period and that Lumpkin was involved in conversations about Kelly's probation, advising him to buy an antioxidant from a drug store to pass a urine drug test. In addition, Lumpkin knew or had reason to believe that Kelly intended to use the firearms unlawfully, given that Kelly was a drug dealer, that Lumpkin came over to Kelly's house to buy and smoke marijuana, and that Kelly bought firearms from Lumpkin to protect himself after he

was shot during a home-invasion robbery. *See United States v. Freeman*, 640 F.3d 180, 189 (6th Cir. 2011). Based on the evidence presented at trial, the district court correctly applied the 4-level trafficking enhancement.

Lumpkin also argues that the district court improperly denied him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court's factual determination as to whether "a defendant has accepted responsibility should be accorded great deference and should not be disturbed unless clearly erroneous." *United States v. Hollis*, 823 F.3d 1045, 1047 (6th Cir. 2016).

U.S.S.G. § 3E1.1(a) provides for a 2-level reduction in a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." To merit this reduction, Lumpkin "bore the burden of proving his acceptance of responsibility by a preponderance of the evidence." *United States v. Bacon*, 617 F.3d 452, 458 (6th Cir. 2010). "While a defendant who proceeds to trial is not automatically ineligible for an acceptance-of-responsibility reduction, such a defendant must fall into the rare situation where he 'goes to trial to assert and preserve issues that do not relate to factual guilt' such as challenging the constitutionality of a statute." *United States v. Calvetti*, 836 F.3d 654, 670 (6th Cir. 2016) (quoting U.S.S.G. § 3E1.1, cmt. n.2). Lumpkin's case does not fall into such a rare situation. Lumpkin consistently denied knowing or having reasonable cause to believe that Kelly was a felon despite evidence to the contrary. At the resentencing hearing, Lumpkin continued to deflect responsibility, attributing his offense to "my ignorance of law and my inability to see who I was dealing with during this time of my life that put me in this situation." Nothing in the record supports Lumpkin's argument that the district court withheld a reduction for acceptance of responsibility to penalize

him for exercising his right to a jury trial. We can discern no clear error in the district court's

denial of a reduction for acceptance of responsibility.

For these reasons, we **AFFIRM** the district court's amended judgment.