NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0559n.06

Case Nos. 21-3002/3004

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Dec 02, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JARITZA SALABARRIA, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MOORE, CLAY, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** While released on bond pending sentencing for three federal drug offenses, Jaritza Salabarria failed to honor the terms of her release, most notably by committing another federal drug offense. At sentencing, the district court grouped her four drug offenses and denied a reduction for acceptance of responsibility. Salabarria now asserts that her sentence is procedurally unreasonable because the district court denied her request for an acceptance of responsibility reduction. Seeing no abuse of discretion in the district court's decision, we affirm.

## BACKGROUND

In 2019, Salabarria weighed, packaged, and handed 0.43 grams of a heroin and fentanyl mixture to a government informant. Several weeks later, she provided packaging paper to her

boyfriend, who weighed, packaged, and handed 0.66 grams of carfentanil to a government informant. For those acts, Salabarria was indicted on three federal drug offenses. After a detention hearing, the district court released her on an appearance bond. Salabarria later pleaded guilty to one count of conspiring to possess (with intent to distribute) and to distribute heroin, fentanyl, and carfentanil, 21 U.S.C. §§ 841(a)(1), 846, and two counts of distributing heroin, fentanyl, and carfentanil, *id*. § 841(a)(1). Following Salabarria's plea, the district court continued her release on bond pending sentencing.

The conditions of Salabarria's release required her to "not use or unlawfully possess a narcotic drug or other controlled substances," "not violate federal, state, or local law," and to "appear in court as required." Salabarria, however, did not respond to a summons the district court issued after she was charged with state offenses. And officers later found Salabarria in possession of 4.92 grams of heroin and fentanyl, resulting in a guilty plea in 2020 to violating 21 U.S.C. § 841(a)(1).

The district court held a combined sentencing hearing for the 2019 offenses and the 2020 offense. The parties agreed that the combined base offense level for all Salabarria's offenses was 14. They also agreed that an enhancement under U.S.S.G. § 3C1.3, which provides for a three-level increase where a defendant is convicted of an offense committed while released pending proceedings for another offense, applied because Salabarria committed the 2020 offense while released on bond for the 2019 offenses. The result was a combined offense level of 17. The lone issue in dispute was whether Salabarria should have received a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The government argued that Salabarria had not accepted responsibility for two reasons: she was arrested four times while released pending sentencing for the 2019 offenses (one of which was for a federal drug offense), and she did not self-surrender

after receiving the summons. Accepting those facts, Salabarria nonetheless argued that an acceptance of responsibility reduction was warranted because she pleaded guilty and admitted all of her offense conduct. The district court disagreed and imposed four 28-month sentences to be served concurrently. Salabarria objected to the denial of an acceptance of responsibility reduction, setting the stage for this timely appeal.

## ANALYSIS

Salabarria argues that her sentence is procedurally unreasonable because the district court improperly calculated the Guidelines range by denying her a two-level reduction for acceptance of responsibility because she cooperated with respect to the 2020 offense. We review a claim of procedural unreasonableness for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

1. As an initial matter, we note that both parties and the district court refer to the enhancement as one for obstruction, which is provided in § 3C1.1 and authorizes a two-level increase where a defendant willfully obstructed her investigation, prosecution, or sentencing. But Salabarria's sentence was enhanced three levels by virtue of § 3C1.3, for the commission of an offense while on release, not § 3C1.1.

2. Turning to § 3E1.1, we have sometimes "diverged on the standard of review" we apply when considering a district court's application of § 3E1.1 to uncontested facts. *United States v. Thomas*, 933 F.3d 605, 611 (6th Cir. 2019). At times, we have employed a clear error standard. *United States v. Webb*, 335 F.3d 534, 537–39 (6th Cir. 2003). At other times, we have applied *de novo* review. *United States v. Hollis*, 823 F.3d 1045, 1047 (6th Cir. 2016) (per curiam). We need not dwell on this distinction, however, as Salabarria's claim fails even under a more favorable *de novo* review.

Section 3E1.1 entitles a defendant to a two-level reduction if she "clearly demonstrates acceptance of responsibility for [her] offense." U.S.S.G. § 3E1.1(a). We read that provision to place the burden on the defendant "to show by a preponderance of the evidence that a reduction is warranted." *United States v. Denson*, 728 F.3d 603, 614 (6th Cir. 2013) (citation omitted). To determine if a defendant has satisfied that burden, our Court "employ[s] a two-step inquiry." *Hollis*, 823 F.3d at 1047. We ask whether the defendant has "demonstrated significant evidence of acceptance of responsibility" by, for instance, pleading guilty before trial and truthfully admitting, or at least not falsely denying, her offense conduct and any other relevant conduct. *Id.*; § 3E1.1 cmt. n.3; *Denson*, 728 F.3d at 614. And if she has, we ask whether "that evidence [is] outweighed by conduct inconsistent with such acceptance[.]" *Hollis*, 823 F.3d at 1047. A guilty plea alone does not entitle a defendant to an acceptance of responsibility reduction. *Webb*, 335 F.3d at 538–39 (citing § 3E1.1 cmt. n.3 ("A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.")). For in a case where the defendant pleaded guilty, the district court still must determine if the defendant has acted inconsistently with an acceptance of responsibility and, if so, may deny the reduction on that basis. *Hollis*, 823 F.3d at 1047.

And we consider a third question when the defendant was sentenced for multiple offenses of conviction: Did the defendant accept responsibility (as defined by the two-step inquiry) as to each offense of conviction? *United States v. Trevino*, 7 F.4th 414, 432 (6th Cir. 2021) (quoting *United States v. Chambers*, 195 F.3d 274, 278 (6th Cir. 1999)); *see also United States v. Moore*, 527 F. App'x 401, 405 (6th Cir. 2013) (affirming a denial of acceptance of responsibility reduction because the defendant accepted responsibility as to just two of the three counts of conviction combined for sentencing); *United States v. Chavis*, 296 F.3d 450, 465 (6th Cir. 2002) (noting the

normal rule that a defendant's failure to accept responsibility for all offenses of conviction would "render him ineligible for acceptance of responsibility credit"); *United States v. Price*, 258 F.3d 539, 547 (6th Cir. 2001) (affirming a denial of acceptance of responsibility reduction because the defendant accepted responsibility as to only one of the two counts of conviction combined for sentencing).

To that end, the Guidelines provide that, in a case involving multiple counts of conviction, courts first determine the base offense level and apply Chapter 3 enhancements, such as § 3C1.3, to each offense individually. U.S.S.G. § 1B1.1(a)(1)–(3). Next, courts group the counts and "adjust the offense level accordingly." § 1B1.1(a)(4). Only after the court has grouped the offenses and determined the combined offense level does a court decide whether to apply an acceptance of responsibility reduction. § 1B1.1(a)(5); *Chambers*, 195 F.3d at 278–79. And because we apply such reduction after the counts are combined, for a defendant's conduct "to warrant a reduction," "responsibility must be accepted for all counts" rather than "individually [for] each count." *Chambers*, 195 F.3d at 278. In other words, for offenses combined for sentencing, a reduction for acceptance of responsibility under § 3E1.1 "is all or nothing." *United States v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2001).

With these guideposts in mind, we turn to whether Salabarria is entitled to a reduction for acceptance of responsibility. To her credit, she pleaded guilty to both the 2019 and 2020 charges before trial and truthfully admitted her offense conduct and other relevant conduct. But to shoulder her burden under § 3E1.1, Salabarria must also show that this evidence is not "outweighed by conduct inconsistent with such acceptance," *Hollis*, 823 F.3d at 1047, for each of her four offenses of conviction, the 2019 offenses (one count of drug conspiracy and two counts of distribution) as

well as the 2020 offense (possession with intent to distribute). *See Chambers*, 195 F.3d at 278–79. As to the 2019 offenses in particular, she cannot do so.

We have previously noted that a defendant who was involved in the sale of drugs while released pending sentencing for another drug trafficking offense has not engaged in conduct that is "indicative of a person who is truly remorseful about her previous criminal conduct." *United States v. Lassiter*, 929 F.2d 267, 269–70 (6th Cir. 1991) (holding that a defendant who possessed a large quantity of cocaine while released on bond pending sentencing for distributing cocaine under 21 U.S.C. § 841(a)(1) was not entitled to an acceptance of responsibility reduction); *see also United States v. Maxwell*, 75 F. App'x 436, 438 (6th Cir. 2003) (affirming denial of acceptance of responsibility reduction when the defendant possessed methamphetamine for resale while released on bond pending sentencing for possession with intent to distribute methamphetamine). Indeed, far from accepting responsibility for her criminal conduct, Salabarria instead furthered it by possessing heroin and fentanyl with intent to distribute while released pending sentencing for distribution of heroin and fentanyl. *See Lassiter*, 929 F.2d at 269–70. Nor is failing to appear after receiving the district court's summons consistent with acceptance of responsibility. All things considered, Salabarria was not entitled to an acceptance of responsibility reduction in light of her behavior following her 2019 offenses.

\* \* \* \* \*

For the foregoing reasons, we affirm the judgment of the district court.