NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0386n.06

Case No. 21-3846

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 27, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| TYWON D. CASON, | ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: SUTTON, Chief Judge; DONALD and MURPHY, Circuit Judges.

SUTTON, Chief Judge. Officers found a loaded handgun, an open bottle of alcohol, and three young children in Tywon Cason's car after stopping him for speeding. Cason pleaded guilty to federal firearms charges and appeared to accept responsibility for possessing the gun. But Cason's stance on what happened changed at sentencing, when he denied knowledge of the gun. The district court, as a result, rejected an offense level reduction for acceptance of responsibility. We affirm the court's decision that Cason did not accept responsibility but vacate his sentence on one count so the district court may reduce it to the statutory maximum.

When Cleveland police officers stopped Cason's car for speeding, they saw three young children in the back seat and a three-quarters empty bottle of Olde English 800 in the center console. The officers searched the car and found a loaded handgun with an obliterated serial number under the driver's seat. Cason told the officers that neither the gun nor the car was his.

That evening, Cason called his sister from jail. He told her the car was his and asked her to retrieve it from the impound lot. In a second call, he lamented that if his kids had not been in the car, "I definitely wouldn't have got caught with that thang." R.20 at 5. During Cason's transfer to federal custody, agents found a handwritten letter in which he wrote that "[a]s far as the gun, yes, it was found in my car/vehicle. . . . I will always take responsibility for my actions." R.37 at 9–10.

Cason pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and to possessing a firearm with an obliterated serial number, *id.* § 922(k). In an interview with a probation officer, Cason stated that he "was in possession of the firearm" and "knew it was wrong and illegal." R.20 at 5. The pre-sentence investigation report recommended a Guidelines reduction for acceptance of responsibility. The report also mistakenly said that the maximum sentence on the obliterated serial number count was 120 months, not 60 months.

During a virtual hearing, Cason requested an in-person sentencing. The court scheduled the live hearing and cautioned that no sentencing decisions would be made until then. Cason nevertheless went on to explain at length that "the situation is not what it looks like," "I did not do anything," "I did not place that firearm [in the car]," and "it was not my gun." R.36 at 7–10.

At the in-person sentencing, the government said that, despite Cason's previous statement at the virtual hearing, it was still willing to seek a reduction if Cason accepted responsibility. But Cason continued to insist that he "was not aware that the firearm was in the car," and that he "didn't have knowledge of the gun." R.37 at 10, 16. After he doubled down, the government withdrew its request for a reduction. The court concluded that a reduction was not appropriate due to Cason's "clearly false" denial that he did not knowingly possess the gun. *Id.* at 19–20.

Without the reduction, Cason's advisory Guidelines range became 100 to 125 months. The court varied downward based on Cason's difficult childhood and mental health challenges, imposing concurrent 96-month sentences on both counts of conviction. Because the 96-month sentence was driven by the Guidelines, no one recognized that, while the felon-in-possession count had a 120-month maximum, the obliterated serial number count had a statutory maximum of just 60 months. 18 U.S.C. §§ 924(a)(1)(B), (a)(2) (2021).

Cason appeals the court's refusal to grant him an acceptance of responsibility reduction and the imposition of an above-maximum sentence on the obliterated serial number count.

*Acceptance of responsibility.* Defendants who "clearly demonstrate[] acceptance of responsibility" are entitled to an offense level reduction. U.S.S.G. § 3E1.1(a). Pleading guilty does not alone establish entitlement to a sentence reduction, and a "defendant who falsely denies . . . relevant conduct . . . has acted in a manner inconsistent with acceptance of responsibility." *Id.* § 3E1.1 cmt. n.1(A), n.3. Although our cases have not always shown consistency in the standard of review that we apply to this Guideline, *see United States v. Thomas*, 933 F.3d 605, 611–12 (6th Cir. 2019), the acceptance-of-responsibility issue in this case turns on the factual question whether Cason lied when he said that he did not know the gun was in the car. There is no doubt that we review the district court's resolution of that type of factual question for clear error. *United States v. Hollis*, 823 F.3d 1045, 1047 (6th Cir. 2016) (per curiam).

The district court's finding that Cason lied when he denied knowing about the gun was not clearly erroneous. In recorded calls the night of his arrest, Cason admitted that he possessed the gun. In a handwritten letter, he took responsibility and admitted that he knew possessing the gun was wrong. During his plea hearing, the court explained that he was pleading guilty to "*knowingly* possess[ing] this firearm," and Cason admitted that he possessed "the gun as described." R.34 at

3

15, 18–19 (emphasis added). After his guilty plea, Cason admitted to a probation officer that he knew his possession of the gun was illegal. In the face of this evidence, Cason's decision to deny knowledge of the gun at sentencing justified the court's rejection of an acceptance of responsibility reduction. No clear error occurred.

*Limited remand.* Cason received concurrent 96-month sentences for the two offenses, one valid and the other invalid. His first 96-month sentence is within the felon-in-possession offense's 120-month maximum. 18 U.S.C. § 924(a)(2) (2021). In contrast, his concurrent 96-month sentence on the obliterated serial number count must be reversed because it exceeds that offense's lower 60-month maximum. *Id.* § 924(a)(1)(B) (2021). The parties agree that a remand is necessary but disagree on its scope.

A full resentencing is appropriate when the district court must recalculate the defendant's sentence on remand. *United States v. Grant*, 15 F.4th 452, 459 (6th Cir. 2021). A limited remand is appropriate when a district court need only correct a sentence through "arithmetical, technical, or mechanical" actions, such as cutting back a sentence that exceeds a statutory maximum. *United States v. Flack*, 941 F.3d 238, 241 (6th Cir. 2019).

Paring back the above-maximum sentence on the obliterated serial number count is all that is required. Cason's sentence on the felon-in-possession count was driven by a validly calculated Guidelines range, without consideration of the statutory maximums, and was therefore unaffected by the error. Cason received a base offense level of 20 for being a felon-in-possession with a prior felony conviction for "a crime of violence or a controlled substance offense." R.20 at 6 (quoting U.S.S.G. § 2K2.1(a)(4)(A)). And he received a four-level enhancement because his gun had an obliterated serial number. *Id.* (citing U.S.S.G. § 2K2.1(b)(4)(B)). Cason's offense level of 24 produced a Guidelines range of 100 to 125 months and, after a downward variance, a 96-month

sentence. Rather than imposing this sentence concurrently on both counts, the court should have imposed the 96-month sentence on the felon-in-possession count and a concurrent statutory maximum sentence of 60 months on the obliterated serial number count. *See* U.S.S.G. §§ 5G1.1, 5G1.2. Because the mistake on the obliterated serial number count had no impact on Cason's 96-month sentence on the felon-in-possession count, a "complete reconsideration on resentencing" is "unnecessary and unwarranted." *Grant*, 15 F.4th at 459 (quotations omitted).

We vacate Cason's sentence on the obliterated serial number count and grant a limited remand to correct that sentence. We affirm in all other respects.