45 F.3d 434
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Aaron Thomas CORT, Appellant.
United States of America, Appellee,
v.
Ransford Arden Austin, Appellant.
 No. 94-2674, No. 94-2512.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Dec. 15, 1994.
Filed: Dec. 30, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Aaron Thomas Cort and Ransford Arden Austin appeal the sentences the district court[1] imposed after Cort pleaded guilty to providing a building for the manufacture of methamphetamine, in violation of 21 U.S.C. Sec. 856, and Austin pleaded guilty to conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. Sec. 846. We affirm.
 
 I. CORT
 
 2
 While Cort was on bond in the instant offense, a search warrant was executed at his automotive paint shop. Cort did not respond to officers' initial knocks and flushed some methamphetamine down the toilet. Officers seized a stolen truck, other stolen goods, and three containers of methamphetamine. Cort admitted that he was the sole owner of the business, that he owned the vehicle where the drugs were found, and that he was addicted to methamphetamine. He denied knowledge of the methamphetamine found at the scene. Noting also that Cort had tested positive for methamphetamine while he was on bond, the PSR suggested a reduction for accepting responsibility was not warranted. The PSR indicated a total offense level of 26 and a criminal history category of II.
 
 
 3
 The district court denied Cort's request for an acceptance-of- responsibility reduction because of Cort's illegal conduct while on bond. Determining that Cort's criminal history was overstated, the court granted his motion to depart downward to a criminal history category of I. The court sentenced Cort to 63 months' imprisonment and three years' supervised release.
 
 
 4
 On appeal, Cort argues that the court erred in denying him an acceptance-of-responsibility reduction. Because the district court is in a unique position to evaluate acceptance of responsibility, we will not disturb a district court's decision to deny or grant the reduction unless that decision is clearly erroneous. United States v. Furlow, 980 F.2d 476, 476 (8th Cir. 1992) (en banc), cert. denied, 113 S. Ct. 2353 (1993). Although entering a guilty plea and admitting offense conduct constitute significant evidence of accepting responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. Sec. 3E1.1, comment. (n.3). Notwithstanding Cort's post-offense rehabilitative efforts, see section 3E1.1, comment. (n.1(g)), the district court did not clearly err in finding these to be outweighed by his misconduct while on bond. Although this conduct occurred before Cort pleaded guilty, nothing in section 3E1.1 prohibits taking this conduct into account, and the sentencing judge's determination is entitled to great deference on review. Section 3E1.1, comment. (n.5); cf. United States v. Wivell, 893 F.2d 156, 159 (8th Cir. 1990) (reduction denied because of continued drug activity after indictment).
 
 II. AUSTIN
 
 5
 Austin's PSR recommended that he be denied an acceptance-of- responsibility reduction and that he receive an obstruction-of- justice enhancement. Citing testimony from Austin's detention hearing, the PSR indicated that Austin had obstructed justice by threatening witnesses in the instant offense, including his ex-wife and codefendants Dave Long and James Hopkins. The PSR indicated a base offense level of 26, a two-level enhancement for obstructing justice, a criminal history category of III, and a resulting Guidelines range of 97 to 121 months. The PSR included, but did not count, as "other criminal conduct" numerous incidents of domestic abuse.
 
 
 6
 At Austin's detention hearing, his ex-wife testified that Austin had told her that talking to the police "was something that would never happen" or something "would happen" to her, her adult son, or her dog. She testified that Austin had threatened to have someone else "take care of her" if he went to prison.
 
 
 7
 Bureau of Alcohol, Tobacco, and Firearms special agent Joy Branch testified she had transported Austin to a new jail a week before the hearing. During the trip, Austin made threatening statements to Branch regarding Long and Hopkins, saying that he would take care of them and kill them, and if Branch would just put him in a cell with Long and Hopkins, there would not have to be a trial. Branch testified that Austin made other threats at several junctures, one time jokingly just as they arrived at the courthouse. When Austin got to his cell area, however, he became red-faced when he saw Long and Hopkins sitting in a cell together. Branch testified that Austin kept making remarks to the effect that if he were put into a cell with Long and Hopkins the officers wouldn't "have to worry about any case."
 
 
 8
 At sentencing, Austin argued that because his comments were made to law enforcement personnel outside the presence of Hopkins and Long and with no intent that the comments to be relayed to them, they did not amount to obstruction of justice. He noted that some of the alleged comments were made in a joking manner and that he was eventually housed in a cell with Hopkins. He argued that the comments he might have directed to his ex-wife were merely in the context of marital arguments and were not directed at influencing, threatening, or intimidating her in connection with the investigation or prosecution of this case. Finding that Austin had made threats against Hopkins and Long to law enforcement officers, the court imposed the obstruction enhancement. The court also found, however, that Austin later accepted responsibility and thus granted him a three-level reduction to an offense level of 25 and a Guidelines range of 70 to 87 months. The court sentenced Austin to 70 months' imprisonment and four years' supervised release.
 
 
 9
 On appeal, Austin argues the district court erred in imposing an obstruction-of-justice enhancement because there was no evidence that his codefendants knew of his remarks and no evidence that he had made the remarks with the intention that his codefendants hear them. An obstruction-of-justice enhancement applies when a defendant threatens, intimidates, or otherwise unlawfully influences a defendant, witness, or juror, directly or indirectly, or attempts to do so. U.S.S.G. Sec. 3C1.1, comment. (n.3(a)). Austin is correct that the Fourth Circuit has held that "section 3C1.1 requires that the defendant either threaten the codefendant, witness, or juror in his or her presence or issue the threat in circumstances in which there is some likelihood that the codefendant, witness, or juror will learn of the threat." United States v. Brooks, 957 F.2d 1138, 1149-50 (4th Cir.), cert. denied, 112 S. Ct. 3051 (1992). We, however, have rejected the argument that an uncommunicated threat will not support an obstruction of justice enhancement. United States v. Capps, 952 F.2d 1026, 1028 (8th Cir. 1991), cert. denied, 112 S. Ct. 2978 (1992). We reasoned that because the enhancement applies to attempts, "it is not essential that the threat was communicated to [the target] if it reflected an attempt by [defendant] to threaten or intimidate her conspirators into obstructing the government's investigation." Id.
 
 
 10
 We cannot say the district court misevaluated Austin's comments to officers regarding his codefendants. As the district court noted, Austin did not deny making the threats. Even under Brooks, his statements to officers and his statements in the cell block made it likely that Long and Hopkins would learn of the threats. In light of this conduct, as well as Austin's reported threats to his ex-wife, the district court did not clearly err in imposing the enhancement. See Capps, 952 F.2d at 1029.
 
 
 11
 The judgments are affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri