# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1332

_____

United States of America,              *

                         *

        Appellee,          *

                         *   Appeal from the United States

    v.                    *   District Court for the District

                         *   of South Dakota.

Aaron R. Black Bull, Jr.      *

                         *       [UNPUBLISHED]

        Appellant.        *

_____

Submitted:  July 3, 2001

Filed:   July 16, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Aaron R. Black Bull, Jr., pleaded guilty to aggravated sexual abuse of a child in Indian country, in violation of 18 U.S.C. § 2241(c).  In a pre-indictment interview with an agent of the Federal Bureau of Investigation (FBI), Mr. Black Bull had admitted having sexual intercourse with the victim but had shifted part of the responsibility to her, claiming that she--at age six, and later at age eight--had initiated the intercourse with him.  The district court[1] refused to apply an acceptance-of-responsibility reduction

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

under U.S.S.G. § 3E1.1, based on its disbelief of the statements Mr. Black Bull made to the FBI agent regarding the victim's conduct, and sentenced him to 262 months imprisonment and 4 years supervised release.  On appeal, Mr. Black Bull argues the court clearly erred in denying him a section 3E1.1 reduction, because the relevant period for assessing acceptance of responsibility is primarily between indictment and sentencing, and no evidence supports the view that his pre-indictment statements reflected his post-indictment attitude.

We have previously upheld the denial of section 3E1.1 reductions based on pre-indictment factors, see, e.g., United States v. Keester, 70 F.3d 1026, 1027 (8th Cir. 1995) (per curiam); United States v. Dortch, 923 F.2d 629, 634 (8th Cir. 1991), and we give great deference to the district court because it is in a unique position to evaluate Mr. Black Bull's acceptance of responsibility, see U.S.S.G. § 3E1.1, comment. (n.5).  Thus, we conclude the district court did not clearly err in denying Mr. Black Bull the reduction.  See United States v. Gonzalez-Rodriguez, 239 F.3d 948, 954 (8th Cir. 2001) (standard of review).

Further, as Mr. Black Bull concedes on appeal, commentary to section 3E1.1 permits the district court to consider his pre-indictment behavior in determining whether he has accepted responsibility.  See U.S.S.G. § 3E1.1, comment. (n.1(a)) (appropriate considerations include truthfully admitting conduct comprising offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which defendant is accountable), (n.3) (truthfully admitting conduct comprising offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which defendant is accountable constitutes significant evidence of acceptance of responsibility).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.