# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1183

_____

United States of America

*Plaintiff - Appellee*

v.

Delwin T. Cooper

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 15, 2021
Filed: May 25, 2021

_____

Before SMITH, Chief Judge, KELLY and ERICKSON, Circuit Judges.

_____

SMITH, Chief Judge.

Delwin T. Cooper pleaded guilty, without a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district court[1] denied Cooper a two-level reduction for acceptance of

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

responsibility under U.S.S.G. § 3E1.1. On appeal, Cooper challenges his 51-month sentence, arguing that the district court erroneously relied on pre-plea conduct to deny him an acceptance-of-responsibility reduction. We affirm.

## I. *Background*

A federal grand jury indicted Cooper for being a felon in possession of a firearm. Law enforcement arrested Cooper after a report was made of an individual boarding a city bus with a firearm. At the time of his arrest, Cooper was "under criminal justice sentences, parole, through Jackson County, Missouri." Presentence Investigation Report (PSR) at 12, *United States v. Cooper*, No. 4:19-cr-00167-HFS (W.D. Mo. 2019), ECF No. 20.

Approximately three months after his indictment on the firearms charge, while in pretrial custody at the CoreCivic-Leavenworth Detention Center, Cooper and three other inmates were involved in an assault on another inmate, Domion Duncan. Duncan saw inmates Olufemi Siffre, Mitchell Byrd, and Daniel McCutchen enter his cell block though they were housed elsewhere in the facility. Concerned, Duncan quickly closed and locked the door of his cell, Cell 208. Subsequently, Cooper—who was housed nearby in Cell 210—went to the guard's station and told the guards that he needed his cell door opened. He claimed that he was housed in Cell 208. The guards granted the request by electronically opening the door to Cell 208. When Cell 208's cell door opened, Siffre, Byrd, and McCutchen entered it. Shortly thereafter, a guard noticed a blanket obstructing the view of Cell 208's window. The guard entered the cell and witnessed Byrd holding Duncan down on the cell floor. Siffre was repeatedly stabbing Duncan with a homemade knife. The guard ordered Siffre to drop the weapon and directed the inmates to leave the cell. The guard observed Duncan lying on the cell floor with cuts across his face and stab wounds on his body. Duncan was transferred to the hospital, where medical staff determined he had suffered over 13 wounds.

Thirteen days after the assault on Duncan, Cooper pleaded guilty, without a written plea agreement, to an information charging him with belong a felon in possession of a firearm.[2] The district court (1) found that Cooper entered the plea knowingly and voluntarily, (2) accepted Cooper's plea, and (3) ordered the preparation of a PSR.

The PSR declined to give Cooper a two-level reduction for acceptance of responsibility "[b]ased on [Cooper's] criminal conduct while incarcerated at CoreCivic-Leavenworth Detention Center." PSR at 5. The PSR further explained:

> Pursuant to the Commentary under §3E1.1, Application Note 1(B), voluntary termination or withdrawal from criminal conduct or associations is noted as an appropriate consideration in determining whether a defendant qualifies for an adjustment of responsibility. As noted in the Pretrial Adjustment section, the defendant conspired with others to commit aggravated battery and assault while awaiting trial for the instant offense. Based on the defendant's conduct, no acceptance of responsibility reduction has been applied. Pursuant to Application Note 3, an entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising of the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under §1B1.3 (Relevant Conduct), will constitute significant evidence of acceptance of responsibility. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right. Lastly, pursuant to Application Note 5, the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the

---

[2]The information was filed in place of a superseding indictment to ensure compliance with the requirements of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which interpreted § 922(g) to require that a defendant have knowledge of his status rendering him legally ineligible to possess firearms or ammunition.

determination of the sentencing judge is entitled to great deference on review.

*Id.* at 4–5 (emphasis omitted). Cooper objected to the PSR's recommended denial of the acceptance-of-responsibility reduction.

At sentencing, the government presented video evidence and the testimony of two corrections officers concerning Cooper's role in facilitating the assault on Duncan. After presenting its evidence, the government argued that the district court should deny Cooper the two-level reduction for acceptance of responsibility because Cooper "facilitated opening the cell" and therefore "facilitated the stabbing." Sentencing Hr'g Tr. at 50, *United States v. Cooper*, No. 4:19-cr-00167-HFS (W.D. Mo. 2020), ECF No. 33.

Cooper's attorney argued that the government failed to prove that Cooper was the individual who asked the guard to open Cell 208; alternatively, counsel argued that even if Cooper did ask the guard to open Cell 208, insufficient evidence existed of Cooper's awareness that the other inmates were going to rush in and stab Duncan upon the cell's opening. Cooper's attorney stressed that Cooper had "timely" pleaded guilty to the firearms offense and "admitted to a factual basis for the plea." *Id.* at 52. By doing so, counsel asserted, Cooper "save[d] the Court resources." *Id.* at 53. Counsel also cited the "inherent value" of "accept[ing] responsibility of the crime you're charged with." *Id.*

The district court denied Cooper's request for the acceptance-of-responsibility reduction. First, the court accepted the government's theory that Cooper "cause[d] the cell door to be opened" and thus facilitated the assault on Duncan. *Id.* The court found it "fairly clear that it was planned that the other individuals . . . would go into the cell." *Id.* While the court acknowledged there was "no proof that Mr. Cooper knew what was . . . going to happen," the court found by a preponderance of the

evidence "that the persons entering the cell were going to take some action that was harmful to . . . the inmate." *Id.* at 53–54.

Second, the court addressed "whether acceptance of responsibility should be dated from the time of the plea." *Id.* at 54. "[A]cceptance of responsibility," the court observed, "has to start at a certain time." *Id.* It deemed "the time of the plea" as "critical." *Id.* However, the court "recognize[d] that there are circumstances where you can backdate the misconduct . . . and use that to say . . . that the defendant did not have the appropriate attitude to . . . grant the credit for acceptance of responsibility." *Id.* The court acknowledged the existence of case law in which courts considered the defendant's conduct "after the time of the arrest" but prior to entry of a guilty plea in denying acceptance of responsibility. *Id.* at 55. "[B]ecause of the seriousness of . . . the events, [the court] . . . rule[d] with the probation office in denying . . . acceptance of responsibility." *Id.*

The court calculated Cooper's Guidelines range as 41 to 51 months' imprisonment. If the court had granted Cooper a reduction for acceptance of responsibility, Cooper's Guidelines range would have been 30 to 37 months' imprisonment. Cooper's attorney argued that a 36-month sentence was appropriate. By contrast, the government argued for a 51-month sentence based on Cooper's extensive criminal record and the background of his felon-in-possession offense.

The district court sentenced Cooper to 51 months' imprisonment. Although the court indicated that it might otherwise have reduced Cooper's sentence by six months for the time that Cooper spent in state custody while his federal charge was pending, it concluded that such reduction was inappropriate because of the seriousness of Cooper's pre-plea misconduct. The court acknowledged that this pre-plea conduct was "unrelated to [the] felon in possession [charge]" to which Cooper pleaded guilty. *Id.* at 59.

II. *Discussion*

On appeal, Cooper argues that the district court erroneously denied him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based solely on his pre-plea conduct. According to Cooper, the starting point for determining a defendant's eligibility for acceptance of responsibility is the date that the defendant pleads guilty. Cooper maintains that a district court is foreclosed from considering any of a defendant's pre-plea conduct in determining whether to grant an acceptance-of-responsibility reduction.

"We review the court's interpretation and application of the Guidelines de novo and its factual findings for clear error." *United States v. Thunderhawk*, 799 F.3d 1203, 1209 (8th Cir. 2015) (reviewing denial of reduction for acceptance of responsibility). "The commentary [to the Guidelines] is an authoritative guide to the meaning of a guideline, and the failure to follow interpretive and explanatory commentary could result in reversible error." *United States v. Mooney*, 425 F.3d 1093, 1100–01 (8th Cir. 2005) (cleaned up).

"U.S.S.G. § 3E1.1(a) provides for a two-level reduction if the defendant 'clearly demonstrates acceptance of responsibility for [his] offense.'" *United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017) (quoting U.S.S.G. § 3E1.1(a)). It is the defendant's burden to prove his entitlement to the reduction. *Id.* (citing U.S.S.G. § 3E1.1 cmt. n.2). We afford "great deference" to the sentencing judge's determination of whether to grant the reduction because of the judge's "unique position to evaluate a defendant's acceptance of responsibility." *Id.* (quotation omitted).

A defendant's "guilty plea and . . . truthful admission of the conduct comprising the offense of conviction [constitutes] significant evidence in favor of an award of the acceptance-of-responsibility reduction under application note 3 to Guidelines section 3E1.1." *United States v. William*, 681 F.3d 936, 939 (8th Cir.

-6-

2012).[3] But "the application note also states that 'this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility' and that '[a] defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.'" *Id.* (alteration in original) (quoting U.S.S.G. § 3E1.1 cmt. n.3).

"The key issue is whether the defendant has shown 'a recognition and affirmative responsibility for the offense and sincere remorse.'" *United States v. Nguyen*, 52 F.3d 192, 194 (8th Cir. 1995) (quoting *United States v. Knight*, 905 F.2d 189, 192 (8th Cir. 1990)). The reduction's purpose is to "distinguish[] a sincerely remorseful defendant from a defendant not manifesting penitence." *Knight*, 905 F.2d at 192. "This Court has consistently denied the acceptance-of-responsibility reduction to defendants whose conduct belies their claims of contrition." *Nguyen*, 52 F.3d at 194.

The commentary to § 3E1.1 sets forth a non-exhaustive list of factors for a court to consider in determining whether to grant a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n.1. "One factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from 'criminal conduct.'" *United States v. Arellano*, 291 F.3d 1032, 1034–35 (8th Cir. 2002) (quoting U.S.S.G. § 3E1.1 cmt. n.1(B) (stating that "voluntary termination or withdrawal from criminal conduct or associations" is an "appropriate consideration[]" "[i]n determining whether a defendant qualifies" for an acceptance-of-responsibility reduction)). Indeed, "[e]ven unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate." *Id.*; *see also William*, 681 F.3d at 939

---

[3]Prior to 1990, the commentary to § 3E1.1 provided that "[t]he availability of a reduction under § 3E1.1 is not controlled by whether the conviction was by trial or plea of guilty. Although a guilty plea may show *some evidence* of acceptance of responsibility, it does not automatically entitle the defendant to a sentencing adjustment." U.S.S.G. § 3E1.1 cmt. background (Nov. 1989) (emphasis added).

("Unlawful conduct need not be directly related to the underlying offense to preclude an acceptance-of-responsibility reduction." (cleaned up)); *United States v. Byrd*, 76 F.3d 194, 197 (8th Cir. 1996) ("Guideline § 3E1.1 does not preclude the sentencing judge . . . from considering unlawful conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility.").

Here, the district court denied Cooper acceptance of responsibility "[b]ased on [Cooper's] criminal conduct while incarcerated at CoreCivic-Leavenworth Detention Center." PSR at 5. Under our precedent, the court was entitled to rely on such criminal conduct in denying acceptance of responsibility. The question, however, is whether that criminal conduct had to occur subsequent to the entry of Cooper's guilty plea for the district court to have properly considered it.

Cooper argues that the plain language of § 3E1.1 bars a sentencing court's consideration of any pre-plea conduct in determining whether a defendant has accepted responsibility. "Most of the acceptance-of-responsibility inquiry focuses on the defendant's conduct through the time he pleads guilty." *United States v. Stapleton*, 316 F.3d 754, 757 (8th Cir. 2003). However, "nothing in section 3E1.1 prohibits [a court from] taking . . . into account" "conduct [that] occurred before [the defendant] pleaded guilty." *United States v. Cort*, 45 F.3d 434, 1994 WL 718488, at *1 (8th Cir. 1994) (per curiam); *see also United States v. Harris*, 38 F.3d 95, 99 (2d Cir. 1994) ("There is no basis in law or logic for a sentencing judge to limit the evidence only to what defendant did after his plea of guilty. All his conduct before the plea may be relevant to a defendant's acceptance of responsibility."). Moreover, "[t]here is nothing in [§ 3E1.1's] application note or elsewhere in the guidelines to suggest a temporal limit on" "whether the defendant voluntarily has terminated or withdrawn from criminal conduct or associations." *United States v. McLaughlin*, 378 F.3d 35, 40 (1st Cir. 2004) (quotation omitted). In addition, "the non-exclusivity of the list [of factors to consider in determining whether to apply the reduction] suggests

that the sentencing court should look to all relevant data to reach a just result." *Id.* Indeed, "[w]e have previously upheld the denial of section 3E1.1 reductions based on *pre-indictment* factors." *United States v. Black Bull*, 14 F. App'x 730, 731 (8th Cir. 2001) (per curiam).

Consistent with these legal principles, a review of our precedent shows that we have upheld district courts' denials of acceptance of responsibility based on defendants' pre-plea conduct. *See, e.g.*, *United States v. Winters*, 411 F.3d 967, 972–74 (8th Cir. 2005) (denying acceptance-of-responsibility reduction based upon defendant's pretrial disciplinary problems and a letter the defendant wrote from jail threatening others); *Black Bull*, 14 F. App'x at 731 (8th Cir. 2001) (rejecting defendant's argument that "the [district] court clearly erred in denying him a section 3E1.1 reduction, because the relevant period for assessing acceptance of responsibility is primarily between indictment and sentencing" and holding that the district court did not err in considering defendant's "pre-indictment statements"); *United States v. Honken*, 184 F.3d 961, 972 (8th Cir. 1999) (holding defendant was not entitled to acceptance-of-responsibility reduction, even though he pleaded guilty and engaged in no obstructive conduct after pleading guilty, because defendant pursued pre-plea obstructive conduct "in a purposeful and methodical way"); *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir. 1989) (affirming district court's denial of acceptance-of-responsibility reduction to defendant who pleaded guilty but "did not voluntarily terminate his illegal conduct or surrender himself to the authorities before his arrest").[4]

---

[4]Most recently, we upheld a district court's denial of a reduction for acceptance of responsibility after "the district court found there was credible evidence [the defendant] stole her employer's gift cards the day before pleading guilty to her federal charges for theft-related offenses." *United States v. Millsaps*, 777 F. App'x 836, 838 (8th Cir. 2019) (per curiam). But the defendant in *Millsaps* did "not dispute whether the district court could rely on pre-plea criminal conduct as a basis for denying a reduction for acceptance of responsibility." *Id.* at 838 n.2 (emphasis omitted). "We

Accordingly, we hold that the district court did not err in denying Cooper a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based on his pre-plea criminal conduct while incarcerated at CoreCivic-Leavenworth Detention Center.

### III. *Conclusion*

We affirm the judgment of the district court.

KELLY, Circuit Judge, concurring.

I agree that this court has not recognized a temporal limitation to USSG § 3E1.1, and we have upheld the denial of a reduction for acceptance of responsibility based on conduct a defendant engaged in before pleading guilty. See, e.g., United States v. Keester, 70 F.3d 1026, 1027-28 (8th Cir. 1995). In light of our precedent, Cooper's argument to the contrary is unavailing. But I write separately to highlight that courts must conduct a fact-intensive and defendant-specific inquiry to determine whether the conduct forming the basis of a denial of a § 3E1.1 reduction is "inconsistent with" acceptance of responsibility, USSG § 3E1.1 comment. (n.3). See, e.g., United States v. Ponec, 163 F.3d 486, 490 (8th Cir. 1998) (explaining the decision to deny a reduction for acceptance of responsibility "is highly fact-intensive, and addresses itself to the sound discretion of the District Court"). Such conduct must also outweigh any "significant evidence" of acceptance, such as the "[e]ntry of a plea of guilty prior to . . . trial combined with truthfully admitting the conduct comprising the offense of conviction." USSG § 3E1.1 comment. (n.3); see also United States v. Hollis, 823 F.3d 1045, 1047 (6th Cir. 2016) (applying a "two-step inquiry"—"[h]as [the defendant] demonstrated significant evidence of acceptance of

---

. . . assume[d] without deciding the district court properly did so . . . ." *Id.*

responsibility, and if so, is that evidence outweighed by conduct inconsistent with such acceptance?"—to determine whether a defendant qualifies for a reduction under § 3E1.1).

Not every incident of wrongful conduct, whether pre- or post-guilty plea, is a reflection of an individual's failure to demonstrate acceptance of responsibility as that term is defined in § 3E1.1. See, e.g., United States v. Nguyen, 212 F. Supp. 2d 1008, 1016 n.5 (N.D. Iowa 2002) (finding that defendant demonstrated acceptance of responsibility despite his post-plea assault of a fellow inmate); see also United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996) (noting that post-plea misconduct unrelated to the criminal offense could "shed light on the sincerity of a defendant's claims of remorse" but acknowledging also that "the fact that a defendant engages in later, undesirable behavior does not *necessarily* prove that he is not sorry for an earlier offense" (cleaned up)). And even if such conduct is potentially inconsistent with acceptance of responsibility, it will not necessarily outweigh "significant evidence" of acceptance and thus, may not always merit a denial of a reduction under § 3E1.1. See, e.g., United States v. Valenzuela, No. CR 19-0585, 2021 WL 1109191, at *9 (D.N.M. Mar. 23, 2021) (concluding that defendant's pre-sentencing misconduct—"an altercation with another inmate and drug distribution"—did not outweigh evidence of his acceptance of responsibility where neither act resembled the crime at issue and the defendant had timely and truthfully admitted the conduct comprising the offense of conviction). Though the "seriousness" of the wrongful conduct at issue may well be a consideration, as the court today acknowledges, it is not the end of the analysis.

Ultimately, because the Guidelines act as "the sentencing court's starting point and initial benchmark," Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016), the decision on whether to grant a reduction in a defendant's offense level for acceptance of responsibility can make a considerable difference in the advisory Guidelines range the defendant faces at sentencing. In many cases, this reduction is

-11-

one of the only discernible benefits a defendant can earn in exchange for giving up the right to a jury trial and pleading guilty. If a sentencing court declines to grant the reduction because it concludes that certain wrongful conduct outweighs "significant evidence" of a defendant's acceptance of responsibility, that finding must be supported by facts specific to the defendant's case and circumstances and, like any adjustment under the Guidelines, be sufficiently explained on the record.

_____