# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2947

_____

United States of America

*Plaintiff - Appellee*

v.

Malliek D. Haynes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 21, 2021
Filed: November 30, 2021
[Unpublished]

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

After Malliek Haynes pleaded guilty to one count of being a felon in possession of a firearm, the district court[1] sentenced him to 60 months' imprisonment,

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

to run consecutively to an unrelated 22-year state sentence for second-degree murder. Haynes argues that the district court erred in calculating his sentencing range under the United States Sentencing Guidelines (Guidelines) and abused its discretion in imposing a consecutive sentence. We affirm.

Haynes went to a convenience store with a handgun tucked into the waistband of his pants in April 2017. After he began arguing with a group of people in the store, he raised his shirt to display the handgun to a store clerk. The group exited the store. Haynes followed shortly thereafter and remained near the store's entrance, continuing to display the handgun. Someone fired a shot at Haynes from a vehicle, and he returned fire, engaging in a brief gunfight that left him injured.

A federal grand jury indicted Haynes in July 2017, but he was not arraigned until August 2019. During the intervening period, Haynes committed second-degree murder, pleaded guilty in state court, and was sentenced to 22 years' imprisonment. He thereafter was arraigned in federal court for the felon in possession count at issue here. While in state custody pending resolution of the federal charge, Haynes assaulted other inmates on two occasions.

In calculating Haynes's Guidelines offense level, the district court applied a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with other felonies. Finding that Haynes's assault of other inmates demonstrated his failure to withdraw from criminal conduct, the district court also denied a decrease to his offense level for acceptance of responsibility under § 3E1.1. With a total offense level of 24 and a criminal history category of VI, Haynes's Guidelines sentencing range was 100 to 125 months' imprisonment, capped at the statutory maximum of 120 months. See 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years . . . ."). We review the district court's factual findings for clear error and its application of the Guidelines *de novo*. United States v. Boll, 3 F.4th 1099, 1100 (8th Cir. 2021).

Haynes first contends that the district court erred in applying a four-level increase to his offense level for possessing a firearm "in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B). The district court concluded that Haynes possessed the firearm in connection with two Missouri felony offenses: (1) assault, in violation of Mo. Rev. Stat. § 565.050, and (2) unlawful use of a weapon, in violation of Mo. Rev. Stat. § 571.030.1(4). Haynes argues that he had not committed assault because he was acting in self defense when he returned gunfire outside the convenience store. We need not decide that issue, however, because there is no clear error in the district court's finding that Haynes "showed the gun in an angry and threatening manner" to others before the gunfight began. Sentencing Tr. 13. The district court thus did not err in concluding that Haynes had committed the Missouri law felony offense of unlawful use of a weapon and in applying an increase under § 2K2.1(b)(6)(B).

Haynes next argues that the district court erred by denying him any decrease for acceptance of responsibility under § 3E1.1. He contends that he demonstrated his acceptance of responsibility by pleading guilty and that his assaults of other inmates did not negate that acceptance. "One factor in determining whether a defendant has clearly demonstrated acceptance is whether he has withdrawn from 'criminal conduct.'" United States v. Cooper, 998 F.3d 806, 811 (8th Cir. 2021) (quoting United States v. Arellano, 291 F.3d 1032, 1034-35 (8th Cir. 2002)); see U.S.S.G. § 3E1.1 cmt. n.1(B). We have previously upheld the denial of a reduction for acceptance of responsibility because of a defendant's failure to withdraw from criminal conduct, as shown by the defendant's pre-plea bad acts unrelated to the offense of conviction. Cooper, 998 F.3d at 812. We reach the same conclusion here, for the district court did not clearly err in finding that Haynes continued his criminal conduct by instigating two in-custody fights before pleading guilty in the present case. See id. at 810 (quoting United States v. Davis, 875 F.3d 869, 875 (8th Cir. 2017) ("We afford 'great deference' to the sentencing judge's determination of whether to grant the reduction [under § 3E1.1] because of the judge's 'unique position to evaluate a defendant's acceptance of responsibility.'")).

Haynes additionally argues that the district court imposed a substantively unreasonable sentence by ordering that his 60-month federal sentence—a downward variance from his Guidelines range—run consecutively to his state sentence, contending that the court failed to give adequate weight to Haynes's childhood trauma. We review the substantive reasonableness of a district court's sentence for abuse of discretion. United States v. Nelson, 982 F.3d 1141, 1146 (8th Cir. 2020). The district court considered the mitigating factors—including Haynes's desire to change, the steps he had taken to effect positive change, and his traumatic childhood—against the egregious and violent nature of his state and federal offenses. See United States v. Hewitt, 999 F.3d 1141, 1149 (8th Cir. 2021) (per curiam) (quoting United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.")). We conclude that the district court did not abuse its discretion in deciding that the federal offense warranted a consecutive sentence, particularly to protect the public against Haynes's criminal conduct. In the district court's view, it was "a pure act of God that no one was killed" during the convenience store altercation. Sentencing Tr. 41.

The judgment is affirmed.

_____