# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2520
_____

United States of America

*Plaintiff - Appellee*

v.

Jayway Dion Theson, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: January 9, 2023
Filed: March 10, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jayway Theson, Jr. pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] denied Theson an acceptance

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

of responsibility reduction and sentenced him to 42 months in prison. We affirm Theson's sentence.

Theson challenges the district court's denial of acceptance of responsibility, which we review for clear error. United States v. Seys, 27 F.4th 606, 611 (8th Cir. 2022). A defendant may receive a two-level sentencing reduction if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A guilty plea and admitting to the offense conduct constitute "significant evidence" in favor of a reduction. United States v. Cooper, 998 F.3d 806, 810 (8th Cir. 2021) (citation omitted). But "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility," id. (citation omitted), like further criminal conduct, see United States v. William, 681 F.3d 936, 939 (8th Cir. 2012); United States v. Arellano, 291 F.3d 1032, 1035 (8th Cir. 2002) ("Even unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate, and a defendant's behavior in jail while awaiting sentencing is a relevant consideration." (citation omitted)).

Theson argues that the district court erred when it relied on unsubstantiated PSR allegations to deny him the reduction. We disagree. "Unless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (cleaned up). That is, an objection must "be made with specificity and clarity before a district court is precluded from relying on" the PSR's factual allegations. Id. at 976 (cleaned up).

Theson's blanket objection to the PSR's allegations wasn't sufficiently specific or clear, so the district court was allowed to accept the PSR as true. And the district court didn't clearly err when it found that Theson hadn't accepted responsibility. The PSR alleged that Theson assaulted and robbed other inmates and forged a commissary document while in custody. This criminal conduct was enough to deny acceptance. See William, 681 F.3d at 939. We affirm.

_____