**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4203**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ROBERT ANTON WARREN,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:20-cr-00062-RBH-1)

───────────────

Submitted:  May 1, 2023                      Decided:  May 19, 2023

───────────────

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Leslie T. Sarji, SARJI LAW FIRM, LLC, Charleston, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Anton Warren appeals his below-Guidelines range sentence after pleading guilty to possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1).  On appeal, he contends that the district court erred in denying him an offense level reduction for acceptance of responsibility under USSG § 3E1.1.  We affirm.

We review a district court's denial of an acceptance of responsibility reduction "only for clear error."  *United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019).  "The defendant bears the burden of showing he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct, and this does not flow automatically from a guilty plea."  *Id*. (internal quotation marks omitted).

"In determining whether a defendant has satisfied this standard, a sentencing court may consider, in relevant part, (a) truthful admissions to the underlying offenses or related conduct; (b) voluntary withdrawal from crime; (c) voluntary and prompt surrender to authorities; and (d) the timeliness of the defendant's apparent acceptance of responsibility."  *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (citing USSG § 3E1.1 cmt. n.1).  "Indeed, [e]ven unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate."  *United States v. Cooper*, 998 F.3d 806, 811 (8th Cir. 2021) (internal quotation marks omitted).  Thus, "[w]e have upheld denials of reductions for acceptance of responsibility where, as here, the defendant continues criminal activity after apprehension, indictment, or guilty plea."  *Bolton*, 858 F.3d at 915.

"It is well established that a court may, for purposes of sentencing, consider any relevant information before it, including uncorroborated hearsay, provided that the

2

information has sufficient indicia of reliability to support its accuracy." *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) (internal quotation marks omitted). Moreover, "the defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." *United States v. Fowler*, 58 F.4th 142, 151 (4th Cir. 2023) (internal quotation marks omitted). "Without such a showing, the government meets its burden of proving those facts by a preponderance of the evidence, and the district court is free to adopt the findings of the presentence report without more specific inquiry or explanation." *Id*. (internal quotation marks omitted).

The probation officer recommended denying Warren a reduction for acceptance of responsibility based on his arrest on state charges involving two controlled drug buys at his residence while he was on pretrial release for this offense. Warren objected to the denial, arguing that he truthfully and timely admitted his offense and relevant conduct, thereby avoiding the time and expense of a trial. The district court overruled the objection but considered his argument as a mitigating factor and granted him a downward variance to a sentence within the Guidelines range that would have applied with the reduction.

On appeal, Warren contends that the district court erred in denying him a reduction by failing to conduct an evidentiary hearing to determine the reliability of the statements in the presentence report regarding the controlled drug buys. However, at his bond hearing, the magistrate judge found probable cause to believe that he committed a state crime while on pretrial release; and at sentencing, Warren confirmed he did not deny the two controlled drug buys at his residence while on release. Thus, we conclude the district court did not

err, plainly or otherwise, in adopting these factual findings without further inquiry.  *See Fowler*, 58 F.4th at 151-52; *Mondragon*, 860 F.3d at 233.  Moreover, we find no clear error in the district court's denial of a reduction for acceptance of responsibility.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*