# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2879
_____

United States of America

*Plaintiff - Appellee*

v.

Ashena Laquita Tucker Jackson, also known as Ashena Tucker Jackson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: March 15, 2024
Filed: July 2, 2024
_____

Before GRUENDER, SHEPHERD, and GRASZ, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Ashena Laquita Tucker Jackson pled guilty to possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). She appeals her 120-month sentence, asserting that the district court[1]

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

erred by miscalculating her United States Sentencing Guidelines range and by imposing a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Law enforcement began investigating Tucker Jackson after receiving information that she and her husband were distributing drugs from their residence in Des Moines, Iowa. Investigators conducted a trash pull outside the home and discovered several drug-related items, including baggies with cocaine and marijuana residue and a drug ledger containing various names and dollar amounts. Additionally, the search of a cellphone in a separate investigation revealed communications between the cellphone's owner and Tucker Jackson regarding drug sales, the collection of drug debts, and crack-cocaine production.

Officers subsequently executed a search warrant on Tucker Jackson's residence, where they discovered in her bedroom three firearms—one of which was semi-automatic and loaded with a 19-round magazine—marijuana, methamphetamine, digital scales, and a cell phone that showed communications between Tucker Jackson and others regarding the facilitation of drug sales. A bag in the bedroom closet also contained baking soda, gloves, and a Tupperware container with cocaine residue. Elsewhere in the home and in Tucker Jackson's vehicle, officers found more cell phones, a heat-sealer machine with bags, and additional quantities of marijuana and methamphetamine.

Following Tucker Jackson's guilty plea, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated a base offense level of 22 because the offense involved a semiautomatic firearm capable of accepting a large-capacity magazine and because Tucker Jackson had previously sustained a felony controlled substance conviction in Iowa state court. See USSG § 2K2.1(a)(3). The PSR also assessed several enhancements, including a four-level enhancement because Tucker Jackson possessed a firearm in connection with felony

drug trafficking.  See USSG § 2K2.1(b)(6)(B).  The PSR further found that a reduction for acceptance of responsibility was not warranted because Tucker Jackson continued to engage in criminal activity following her guilty plea, as evidenced by the fact that she had incurred a disciplinary violation for writing letters from jail soliciting the recipients to mail her synthetic marijuana.  See USSG § 3E1.1, comment. (n.1 (B)).  The PSR calculated a total offense level of 32 and a criminal history category of III, which yielded a Guidelines range of 151 to 180 months' imprisonment after taking into account the statutorily authorized maximum penalty under 18 U.S.C. § 924(a)(8).

Tucker Jackson challenged her base offense level, arguing that a "conviction" under § 2K2.1(a)(3) requires that a court impose a sentence and enter final judgment; in this regard, she had pled guilty to the Iowa felony controlled substance offense but had not yet been sentenced for that crime when she committed the instant offense.  She also objected to the four-level enhancement under § 2K2.1(b)(6)(B), contending that she was a mere drug user rather than a drug trafficker.  Finally, she challenged the denial of a reduction for acceptance of responsibility under § 3E1.1, maintaining that she did not write the letters attempting to obtain synthetic marijuana while in custody and that the jail disciplinary violation alleging as much was ultimately dismissed.

At sentencing, the district court rejected Tucker Jackson's argument regarding her base offense level, relying on the plain language of § 2K2.1(a)(3), which uses the term "conviction" rather than "sentence imposed."  It also found § 4B1.2(c) instructive, which defines "conviction" for the purpose of determining career offender status as "the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*."

The district court further found by a preponderance of the evidence that Tucker Jackson used a firearm in connection with felony drug trafficking under § 2K2.1(b)(6)(B).  It determined that the items recovered from Tucker Jackson's residence established that she was engaged in drug distribution and remarked that

the three firearms found in her bedroom were in close proximity to various pieces of drug-related evidence, including materials used to cook crack cocaine. In so finding, the district court credited the testimony of Officer Luke Eblen, an investigator with the Des Moines Police Department's vice and narcotics unit who recounted in detail the investigation into Tucker Jackson's drug activity. He stated that the nature of the items and the quantity of drugs that law enforcement found while searching Tucker Jackson's residence were probative of drug trafficking.

The district court also found by a preponderance of the evidence that Tucker Jackson had authored the letters seeking synthetic marijuana in jail and that she was not entitled to a reduction for acceptance of responsibility under § 3E1.1. It noted that the letters directed the recipients to mail the requested items to Tucker Jackson using old envelopes from her attorney, which undermined any argument that another inmate was responsible for their content. That the jail dismissed the disciplinary violation against Tucker Jackson did not exculpate her, the district court found, as a guard had intercepted the letters before they were mailed, and the jail's regulations did not specifically prohibit the attempted (but ultimately unsuccessful) introduction of contraband into the facility.

The district court then heard argument from the Government and Tucker Jackson's counsel regarding the appropriate sentence before discussing at length the application of the factors enumerated in 18 U.S.C. § 3553(a). It imposed a 120-month sentence, varying downward by 31 months from the bottom end of Tucker Jackson's Guidelines range.

## II.

Tucker Jackson renews her arguments on appeal, alleging first that the district court erred in calculating her Guidelines range. "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Kistler, 70 F.4th 450, 452 (8th Cir. 2023) (citation omitted).

"'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "In reviewing a sentence for procedural error, we review the district court's factual findings for clear error and its application of the guidelines de novo." United States v. Watkins, 91 F.4th 955, 961 (8th Cir. 2024) (citation omitted).

A.

Tucker Jackson first asserts that the district court erroneously applied § 2K2.1(a)(3), which calls for a base offense level of 22 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a controlled substance offense." In October 2022, Tucker Jackson pled guilty to a felony controlled substance offense in Iowa state court prior to committing the instant offense in November of that year. She was then sentenced for the state felony in January 2023. According to Tucker Jackson, this timeline renders § 2K2.1(a)(3) inapplicable because a "conviction" does not occur until a court sentences a defendant and enters final judgment; thus, she did not commit the instant offense "subsequent to" sustaining her state felony conviction.

We are unconvinced. The career offender provisions in Chapter Four of the Guidelines state: "The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*." USSG § 4B1.2(c). Likewise, the criminal history Guidelines in that Chapter incorporate the same definition and explicitly treat a conviction and the subsequent imposition of a sentence as discrete events. See USSG §§ 4A1.2(a)(4) (providing guidance "[w]here a defendant has been convicted of an offense, but not yet sentenced," and stating that "'[c]onvicted of an offense,' for the purposes of this provision, means that the guilt of the defendant has been

-5-

established, whether by guilty plea, trial, or plea of *nolo contendere*"); 4A1.2(a)(1) ("The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere* . . . ."). And we have previously interpreted Chapter Four's definition of "conviction" to encompass a guilty plea to an offense for which the defendant was awaiting sentencing. United States v. Gonzalez, 220 F.3d 922, 926 (8th Cir. 2000).

Tucker Jackson fails to persuasively argue why Chapter Four of the Guidelines should not guide our analysis of the provision at issue here, particularly given that prior felony convictions that increase a defendant's base offense level "are also counted for purposes of determining criminal history points pursuant to Chapter Four." USSG § 2K2.1, comment. (n.10). In this vein, the commentary to § 2K2.1 limits the district court's consideration of prior felony convictions in calculating a defendant's base offense level to "only those felony convictions that receive criminal history points." Id. If § 2K2.1 adhered to Tucker Jackson's novel definition of "conviction," then a district court could properly include an unsentenced guilty plea in a defendant's criminal history category but could not consider the plea in calculating the defendant's base offense level. This would produce an illogical result in contravention of the Guidelines.

Therefore, we conclude that a "conviction" under § 2K2.1 occurs on "the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*." USSG § 4B1.2(c); § 4A1.2(a)(4); see also United States v. Fernandez, 234 F.3d 1345, 1347 (11th Cir. 2000) (per curiam) (finding that a *nolo contendere* plea constituted a conviction under §2K2.1 because the district court properly counted the plea in the defendant's criminal history calculation under § 4A1.1). Here, Tucker Jackson pled guilty to the Iowa felony controlled substance offense, and thus sustained a "conviction" under § 2K2.1, prior to committing the instant offense. Accordingly, the district court did not err in calculating Tucker Jackson's base offense level pursuant to § 2K2.1(a)(3).

B.

Tucker Jackson next challenges the district court's application of § 2K2.1(b)(6)(B), which calls for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." We review the district court's factual determination in this respect for clear error. United States v. Bates, 614 F.3d 490, 493 (8th Cir. 2010). Where, as here, the other felony offense is drug trafficking, the enhancement applies where "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." USSG § 2K2.1(b)(6), comment. (n. 14(B)); see also United States v. Johnson, 846 F.3d 1249, 1250 (8th Cir. 2017) ("If the felony is for drug trafficking, Application Note 14(B) mandates application of the adjustment if guns and drugs are in the same location.") (citation omitted).

The district court did not clearly err in finding that Tucker Jackson possessed a firearm in connection with felony drug trafficking. Law enforcement discovered three firearms in Tucker Jackson's bedroom along with marijuana, methamphetamine, digital scales, materials used to cook crack cocaine, and a cell phone with communications between Tucker Jackson and others discussing the sale of drugs. A search of the remainder of the residence and Tucker Jackson's vehicle revealed what Officer Eblen testified to be distribution-level quantities of marijuana and methamphetamine, along with packaging materials and other cell phones. See United States v. Cosen, 965 F.3d 929, 931-32 (8th Cir. 2020) (finding no clear error in the district court's determination under § 2K.1(b)(6)(B) that the defendant possessed a firearm in connection with felony drug trafficking where law enforcement found a pistol in the defendant's home in close proximity to suspected THC edibles, digital scales, a vacuum sealing machine, and documents linking the defendant to a storage unit containing a distribution-level quantity of marijuana).

Tucker Jackson notes that she was not charged with a drug trafficking felony and asserts that the Government would have pursued such a charge if it "truly believed" that she "was involved in some kind of drug trafficking scheme." The

Government was not required to charge Tucker Jackson with a drug trafficking felony, however, as the commentary defines "[a]nother felony offense" under § 2K.1(b)(6)(B) as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought*, or a conviction obtained." USSG § 2K2.1(b)(6), comment. (n. 14(C)) (emphasis added). In the case of an uncharged felony offense, a district court may apply the enhancement provided that the Government proves by a preponderance of the evidence that the defendant committed the offense. United States v. Phillips, 506 F.3d 685, 688 (8th Cir. 2007) (per curiam). As discussed, the record contains sufficient evidence from which the district court could find that Tucker Jackson was engaged in felony drug trafficking. While Tucker Jackson argues that the evidence recovered from her home belonged to her husband, who was convicted of drug trafficking, we find no clear error in the district court's conclusion that the numerous drug-related communications discovered on Tucker Jackson's cell phones established her personal involvement.

C.

Tucker Jackson further asserts that the district court erred in denying a reduction for acceptance of responsibility under § 3E1.1, which calls for a two-level decrease in the base offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG 3E1.1(a). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." USSG § 3E1.1, comment. (n.5). Therefore, "[a] district court's factual determination about whether the defendant accepted responsibility is entitled to great deference, and we will reverse it only if it is so clearly erroneous as to be without foundation." United States v. Walker, 688 F.3d 416, 426 (8th Cir. 2012) (citation omitted).

Tucker Jackson's guilty plea does not entitle her to a reduction "as a matter of right." United States v. Davis, 875 F.3d 869, 875 (8th Cir. 2017) (citation omitted).

Rather, "[t]he key issue is whether the defendant has shown 'a recognition and affirmative responsibility for the offense and sincere remorse.'" United States v. Cooper, 998 F.3d 806, 810 (8th Cir. 2021) (citation omitted). In assessing whether to grant a reduction, a district court may consider whether the defendant "has withdrawn from 'criminal conduct.'" Id. at 811 (citation omitted) (noting that this consideration extends to unlawful conduct unrelated to the offense of conviction).

The district court did not clearly err in finding that Tucker Jackson continued to engage in criminal conduct following her arrest by writing letters from jail requesting that the recipients mail her synthetic marijuana, thus demonstrating a lack of acceptance of responsibility. Although Tucker Jackson maintains that she did not write the letters, emphasizing that jail officials ultimately dismissed the accompanying disciplinary violation, the record indicates otherwise. One letter, for example, asked an individual named Nick Tucker "to go to weedme.com and get the K-2 so I can make money in here" and included instructions to disguise the delivery as legal mail using an old envelope from Tucker Jackson's attorney. The letter requested that Nick Tucker, to whom the author referred as "cuz," mail the synthetic marijuana to Tucker Jackson, and it included her jail address and inmate number. This evidence was sufficient to establish by a preponderance of the evidence that Tucker Jackson was the author.

Further, the district court found it immaterial that the jail dismissed the corresponding disciplinary violation, as its regulations proscribed the possession or introduction of contraband into the facility but did not prohibit an attempt to do so; Tucker Jackson was unable to introduce any synthetic marijuana into the jail because a guard had intercepted the letters before they were mailed. Recognizing that this Court has "consistently affirmed the denial of the acceptance-of-responsibility reduction to 'defendants whose conduct belies their claims of contrition,'" United States v. William, 681 F.3d 936, 939 (8th Cir. 2012) (citation omitted), we find no clear error in the district court's decision not to grant a reduction in this case. See Cooper, 998 F.3d at 811-12 (affirming the denial of an acceptance-of-responsibility reduction where the defendant engaged in unrelated criminal conduct while in jail).

III.

Having found no procedural error, we now consider Tucker Jackson's challenge to the substantive reasonableness of her sentence. "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant [18 U.S.C. § 3553(a)] factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (alteration in original) (citation omitted). Tucker Jackson asserts that the district court afforded inadequate weight to the mitigating factors in this case, including her history of trauma, victimization, and her role as the primary caretaker of her children.

Contrary to her argument, the district court noted at sentencing that several mitigating factors deserved consideration, including Tucker Jackson's mental health problems, history of trauma, strong family support system, and the "positive strides" that she had made while incarcerated, notwithstanding her attempt to smuggle synthetic marijuana into jail. Indeed, the district court stated that it was varying downward from the Guidelines range by 31 months specifically to account for these factors. "[W]here a district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) (alteration in original) (citation omitted). We find no abuse of discretion.

IV.

The judgment of the district court is affirmed.

_____