**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4758**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ENIS DAUTI,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:22-cr-00311-CCE-1)

———————————

Submitted:  January 23, 2025                Decided:  January 27, 2025

———————————

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Aaron B. Wellman, IVEY, MCCLELLAN, SIEGMUND, BRUMBAUGH & MCDONOUGH, LLP, Greensboro, North Carolina, for Appellant.  Lindsey Ann Freeman, Assistant United States Attorney, Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enis Dauti pled guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The district court sentenced Dauti to 360 months' imprisonment, a term below the advisory Sentencing Guidelines range. Dauti's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the sentence is procedurally and substantively reasonable. In particular, counsel questions whether the court erred by (1) applying a four-level leadership role enhancement to Dauti's offense level pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (2023), and (2) declining to apply an acceptance of responsibility reduction under USSG § 3E1.1. Although advised of his right to do so, Dauti has not filed a pro se supplemental brief. The Government has declined to file a response brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "In assessing whether the district court properly calculated the Guidelines range, we review the court's

2

factual findings for clear error and its legal conclusions de novo." *United States v. Mitchell*, 78 F.4th 661, 667 (4th Cir. 2023).

"If the sentence 'is procedurally sound, [we] . . . then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). We afford a presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Dauti's sentence is reasonable. We turn first to counsel's question regarding the district court's application of USSG § 3B1.1(a), which provides for a four-level enhancement to a defendant's base offense level where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." The district court applied the enhancement based on the undisputed reports of Dauti's coconspirators, who explained that he arranged and supervised the delivery of large shipments of drugs to several dealers. We discern no error in the district court's application of the enhancement. *See United States v. Cameron*, 573 F.3d 179, 184-86 (4th Cir. 2009) (discussing when leadership role enhancement is appropriate).

We next consider the district court's denial of a reduction for acceptance of responsibility. Section 3E1.1 of the Guidelines provides for an offense level reduction

3

where the defendant "prove[s] to the court by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. Bolton*, 858 F.3d 905, 914 (4th Cir. 2017) (internal quotation marks omitted).  Here, the district court denied an acceptance of responsibility reduction after finding that Dauti helped another inmate escape custody.  Based upon our review of the record, we discern no clear error in the district court's denial of the reduction.  *See United States v. Harris*, 890 F.3d 480, 487-88 (4th Cir. 2018) (noting standard of review); *United States v. Cooper*, 998 F.3d 806, 811 (8th Cir. 2021) (recognizing that "even unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate" (brackets and internal quotation marks omitted)); *cf. United States v. Dugger*, 485 F.3d 236, 240-42 (4th Cir. 2007) (finding no clear error in denial of acceptance of responsibility reduction based on criminal conduct that was not part of underlying offense's relevant conduct).

We further conclude that Dauti's sentence is otherwise procedurally and substantively reasonable.  In addition to correctly calculating the Guidelines range, the district court provided Dauti an opportunity to allocute, considered the parties' arguments and the § 3553(a) factors, and meaningfully explained the chosen sentence.  And nothing in the record rebuts the presumption of substantive reasonableness afforded to Dauti's downward-variant, 360-month sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Dauti, in writing, of the right to petition the

4

Supreme Court of the United States for further review.  If Dauti requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dauti.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*